UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-487-RJC
(3:08-cr-134-RJC-5)

| | | |
|---|---|---|
| JUAN GILBERTO VILLALOBOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon the Government's unopposed motion to stay disposition of this collateral proceeding which is filed pursuant to 28 U.S.C. § 2255. (Doc. No. 4). Petitioner is represented by the Federal Defenders of Western North Carolina.

On January 26, 2010, a jury found Villalobos guilty of 18 counts charged in a federal indictment. Specifically, the jury found Villalobos guilty of: conspiracy to commit racketeering; conspiracy to distribute and possession with intent to distribute cocaine and marijuana; five counts of illegal use of a communication facility in counts; four counts of distribution of cocaine, and aiding and abetting the same; accessory after the fact to assault with a dangerous weapon in aid of racketeering, and aiding and abetting the same; conspiracy to commit Hobbs Act robbery; attempted Hobbs Act robbery, and aiding and abetting the same; possession of a firearm during and in relation to a crime of violence, and aiding and abetting the same; two counts of illegal alien in possession of a firearm, and aiding and abetting the same; and conspiracy to commit Hobbs Act extortion. On March 4, 2011, this Court imposed a 144-month prison sentence plus a consecutive 60-month sentence for the possession of a firearm during and in relation to a crime of violence conviction.

1

On June 24, 2016, Villalobos commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). He challenges his 18 U.S.C. § 924(c) conviction for possession of a firearm during and in relation to a crime of violence, arguing that in light of the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), neither conspiracy to commit a Hobbs Act robbery nor attempted Hobbs Act robbery qualify as a "crime of violence" under § 924(c). In <u>Johnson</u>, the Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act's definition of "crime of violence" violates the Constitution's guarantee of due process; the decision did not address § 924(c)'s definition of "crime of violence." <u>See</u> <u>id.</u> at 2563.

The Government has filed the instant Motion to hold this action in abeyance pending a decision by the Fourth Circuit Court of Appeals in <u>United States v. Ali</u>, No. 15-4433. (Doc. No. 4). In <u>Ali</u>, the defendant argues that <u>Johnson</u> renders the residual clause of § 924(c) unconstitutionally vague. <u>Ali</u> also involves a conviction for conspiracy to commit a Hobbs Act robbery.

The issues to be decided in <u>Ali</u> may be dispositive of Villalobos's claims for relief under <u>Johnson</u>. In light of these factors, and in the absence of opposition from Villalobos, the Court finds it is in the interest of judicial economy to grant the Government's Motion to hold this action in abeyance.

**IT IS, THEREFORE, ORDERED** that the Government's motion to hold Villalobos's § 2255 Motion to Vacate in abeyance (Doc. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is held in abeyance pending the Fourth Circuit's decision in <u>United States v. Ali</u>, No. 15-4433. Thereafter, the Government shall have 60 days to file an answer, motion, or other response to Villalobos's §

2255 Motion to Vacate.

**SO ORDERED.**

Signed: May 18, 2017

Robert J. Conrad, Jr.
United States District Judge