# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:16-cv-487-RJC
### (3:08-cr-134-RJC-DSC-5)

| | | |
|---|---|---|
| JUAN GILBERTO VILLALOBOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Unopposed Motion to Vacate Sentence Under 28 U.S.C. § 2255 and to Impose Time-Served Sentence [Doc. 17].

## I.     BACKGROUND

Petitioner was charged along with 25 co-Defendants for offenses related to their participation in the La Mara Salvatrucha ("MS-13") street gang. See [3:08-cr-134 ("CR") Doc. 623] (Third Superseding Indictment). Petitioner was charged with a total of 18 counts, including possession of a firearm during and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) and 2 (Count Forty-Eight), that relies on the predicate offenses of Hobbs Act robbery conspiracy (Count Forty-Six) and attempted Hobbs Act robbery (Count Forty-Seven). [Id.]. A jury convicted Petitioner of all 18 counts. [Doc. 847] (Verdict). On April 13, 2011, Petitioner was sentenced to a total of 204 months' imprisonment including a 60-month consecutive sentence for the § 924(c) offense in Count Forty-Eight for which he also received a five-year term of supervised release. [CR Doc. 1408]. The Fourth Circuit Court of Appeals affirmed Petitioner's convictions

1

and sentence on direct appeal. United States v. Fernandez, 526 F. App'x 270 (4th Cir. 2013).[1]

In 2014, Petitioner filed a *pro se* § 2255 Motion to Vacate raising claims of ineffective assistance of counsel, Case No. 3:14-cv-254-RJC. The Court denied the Motion to Vacate on the merits on January 5, 2016. Villalobos v. United States, 2016 WL 55287 (Jan. 5, 2016).

On June 24, 2016, the Federal Defender filed a Motion to Vacate on Petitioner's behalf in the instant case, arguing that the § 924(c) conviction in Count Forty-Eight is invalid pursuant to Johnson v. United States, 576 U.S. 591 (2015). [Doc. 1]. The case was stayed for several years pending developments in the case law. See [Docs. 5, 12, 14]. Most recently, the matter was stayed pursuant to the Supreme Court's consideration of United States v. Taylor, which has now been resolved, 142 S.Ct. 2015 (2022). The Petitioner's Unopposed Motion to Vacate is now before the Court for consideration. [Doc. 17].

## II.    STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments

---

[1] Petitioner prosecuted the joint appeal with five of his co-Defendants.

presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court applied the principles articulated in Johnson to conclude that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019). Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that neither attempted Hobbs Act robbery nor conspiracy to commit Hobbs Act robbery qualifies categorically as a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Taylor, 142 S.Ct. 2015 (2022); United States v. Simms, 924 F.3d 229, 233-34 (4th Cir. 2019) (*en banc*).

The parties correctly agree that, because Count Forty-Eight was not supported by a valid predicate crime of violence, it must be vacated. [Doc. 17]. The parties further agree that a resentencing hearing is unnecessary in this case and that a time-served sentence on the remaining counts is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a). [Id.]. They note that: Petitioner has already served at least 190-months; he is projected to complete his 204-month

3

sentence on January 29, 2023; absent the 60-month consecutive sentence for Count Forty-Eight, his guideline range would have been lower than the time he has already served; and he has performed well during his incarceration

Based on the foregoing, Count Forty-Eight is vacated. The Court finds that a resentencing hearing is unnecessary and that a sentence of time served on the remaining counts is appropriate pursuant to § 3553(a). With the consent of the parties, the Clerk will be instructed to issue an Amended Judgment imposing a sentence of time served for the remaining counts, with all other terms and conditions remaining in effect.

## IV.    CONCLUSION

Petitioner's Unopposed Motion to Vacate Sentence Under 28 U.S.C. § 2255 and to Impose Time-Served Sentence [Doc. 17] is granted.

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Unopposed Motion to Vacate Sentence Under 28 U.S.C. § 2255 and to Impose Time-Served Sentence [Doc. 17] is **GRANTED**.

2.    Petitioner's conviction on Count Forty-Eight is **VACATED**.

3.    The Clerk is directed to issue an Amended Judgment imposing a sentence of time served, plus up to ten (10) days to process his release, for the remaining counts, with all other terms and conditions remaining in effect; additionally if Petitioner is released from imprisonment without a residential plan accepted by the United States Probation Office, he shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release.

4

4.      The Clerk is further directed to serve copies of this Order on the United States

Bureau of Prisons, the Petitioner, counsel for the Petitioner, the United States

Attorney, and the United States Probation Office.

Signed: August 9, 2022

Robert J. Conrad, Jr.
United States District Judge

5